IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| **CARLTON STEVE MCKISSIC,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL No: 4:24-cv-00026-CDL |
| VS. | : | |
| | : | |
| Corporal **SHERRY ZIEGLER**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER ON PLAINTIFF'S APPLICATION TO APPEAL IN FORMA PAUPERIS

*Pro se* Plaintiff Carlton McKissic filed a Notice of Appeal. ECF No. 15. Plaintiff has also now submitted an application to appeal *in forma pauperis*. ECF No. 19.

### I. Procedural History

On February 16, 2024, Plaintiff filed a complaint challenging his state court conviction and seeking relief pursuant to 42 U.S.C. § 1983. ECF No. 1. Plaintiff later filed a motion to amend his complaint which contained additional assertions as to his state court criminal prosecution and conviction. ECF No. 7. On April 19, 2024, the United States Magistrate Judge issued an Order and Recommendation which recommended that Plaintiff's civil action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim for which relief may be granted. ECF No. 8. Thereafter, Plaintiff submitted objections (ECF No. 11) to the Magistrate Judge's Order and Recommendation (ECF No. 8). Upon consideration of Plaintiff's complaint (ECF No. 1), the amendments

to that complaint (ECF No. 7), the Magistrate Judge's Report and Recommendation (ECF No. 8), and Plaintiff's objections to the recommendation of dismissal (ECF No. 11), the undersigned agreed that dismissal without prejudice of Plaintiff's complaint was proper. *See* ECF No. 12. An Order Adopting the United States Magistrate Judge's Recommendation was filed on May 22, 2024. *Id*. Subsequently, Judgment was entered in favor of the Defendants and Plaintiff's complaint was dismissed. ECF No. 13. Plaintiff then filed a notice of appeal. ECF No. 15. Indeed, Plaintiff's notice of appeal was docketed in the Eleventh Circuit Court of Appeals on July 5, 2024. *See McKissic v. Zeigler*, Case # 24-12188. Plaintiff's appeal was dismissed by the Eleventh Circuit on July, 31, 2024 for failure to address the filing fee. *See id*. Plaintiff has now filed an application to appeal *in forma pauperis* with this Court that is dated July 22, 2024 but not received by this Court until August 7, 2024. ECF No. 19. After reviewing the record, the Court enters the following Order as to Plaintiff's Motion for Leave to Appeal *in forma pauperis*.

   II.   **Analysis**

As a preliminary matter, this Court recognizes that normally a motion to proceed *in forma pauperis* on appeal following the dismissal of an appeal by the Eleventh Circuit would normally be denied as moot. However, here, Plaintiff's motion was dated as signed prior to the dismissal of the appeal.[1] *See id*. at 1. Thus, this Court will review Plaintiff's

---

[1] "Under the 'prison mailbox rule,' a pro se prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Daker v. Comm'r, Ga. Dep't of Corrs.*, 820 F.3d 1278, 1286 (11th Cir. 2016) (quoting *Williams v. McNeil*, 557 F.3d

motion to proceed *in forma pauperis* on appeal despite the dismissal of the appeal.

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Fed. R. App. P. 24.   28 U.S.C. § 1915 provides:

> (a)(1) [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

Similarly, Fed. R. App. P. 24(a) provides:

> (1) [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court.   The party must attach an affidavit that:

---

1287, 1290 n.2 (11th Cir. 2009)).   "Absent evidence to the contrary," courts "assume that [the prisoner's filing] was delivered to prison authorities the day he signed it." *Daker*, 820 F.3d at 1286 (quoting *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

3

>    (A) shows . . . the party's inability to pay or to give security for fees and costs;
>
>    (B) claims an entitlement to redress; and
>
>    (C) states the issues that the party intends to present on appeal.
>
> (2) If the district court denies the motion, it must state its reasons in writing.

The Court, therefore, must make two determinations when faced with an application to proceed *in forma pauperis*. First, it must determine whether the plaintiff is financially able to pay the filing fee required for an appeal. Plaintiff submitted a certified copy of his trust fund account statement with his original motion to proceed *in forma pauperis* that indicated that he would be unable to prepay the original filing fee. ECF No. 2. If the information therein remains unchanged, then he cannot pay the $505 appellate filing fee.

Next, the Court must determine if the plaintiff has satisfied the good faith requirement. "'[G]ood faith' . . . must be judged by an objective standard." *Coppedge v. United States*, 369 U.S. 438, 445 (1962). The plaintiff demonstrates good faith when he seeks review of a non-frivolous issue. *Id*. An issue "is frivolous if it is 'without arguable merit either in law or fact.'" *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (citations omitted). "Arguable means capable of being convincingly argued." *Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991) (quotation marks and citations omitted); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) ("[A] case is frivolous . . . when it appears the plaintiff 'has little or no chance of success.'") (citations omitted). "In deciding whether an [in forma pauperis] appeal is frivolous, a district court determines whether there

is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Sun*, 939 F.2d at 925 (citations omitted).

A statement of the issues an Appellant intends to appeal is required under Fed. R. App. P. 24(a)(1)(C). Plaintiff did not include any statement of issues in his Notice of Appeal. *See* ECF No. 15. Nor does Plaintiff include a statement of issues in his application for leave to appeal *in forma pauperis*. ECF No. 19. Included with Plaintiff's Certificate of Interested Persons and Corporate Disclosure statement filed in this Court is seventy-six pages of documents from his state criminal prosecution as well as Plaintiff's handwritten "Exhibits, Material Evidence Supporting Brief" in which he reiterates in confusing and disjointed legalese many of the same allegations raised in his original complaint. ECF No. 20. Nowhere in the record can this Court locate any discernible statement of the issues for appeal as required by Fed. R. App. P. 24(a)(1)(C).

Nonetheless, this Court has conducted an independent review of the issues raised in Plaintiff's initial complaint (ECF No. 1) and his amendments to that complaint (ECF No. 7) which were addressed in the Magistrate Judges Order and Recommendation (ECF No. 8) and this Court's Order dismissing Plaintiff's complaint pursuant to 28 U.S.C. § 1915A (ECF No. 12). Furthermore, although not mandated to do so, this Court has further reviewed Plaintiff's "Exhibits, Material Evidence Supporting Brief" and all documents he submitted therewith. ECF No. 20. Based upon a thorough enquiry, the Court concludes that Plaintiff's appeal is frivolous. *See Hyche v. Christensen*, 170 F.3d 769, 771 (7th Cir. 1999), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000)

(explaining that the arguments to be advanced on appeal are often obvious and decisions regarding good faith can be made by looking at the "reasoning of the ruling sought to be appealed"). Plaintiff has raised no issues with arguable merit. The appeal, therefore, is not brought in good faith. Consequently, Plaintiff's application to appeal *in forma pauperis* (ECF No. 19) is **DENIED**.

**SO ORDERED,** this **16th** day of **August, 2024**.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA